On July 14, 1946, respondent was struck in the right eye by an umbrella, uprooted and blown by the wind, while a patron at a beach owned and operated by appellant. With reference to the nature, char *1017 acter and extent of respondent’s disability, the moving papers alleged that the right eye was removed on July 14, 1946; that respondent was hospitalized for five days; that he was fitted with a temporary artificial eye about six weeks thereafter and with a permanent one about a month later; and that he was under a physician’s care for approximately two months after the accident. It also appears that a firm of attorneys was retained on behalf of respondent in October, 1946. The instant application under subdivision 5 of section- 50-e of the General Municipal Law, was made in April, 1947. Order reversed on the law and the facts, without costs, and the motion denied, without costs. An application under subdivision 5 of section 50-e of the General Municipal Law, for leave to serve a notice of claim must be made within a reasonable time after the expiration of the period of disability relied upon as excusing the failure to serve the notice within the prescribed sixty-day limitation. (Matter of ’Buskin v. City of New York, 271 App. Div. 934.) Upon the record before us, we are of the opinion that respondent, represented by counsel since October, 1946, failed adequately to explain the delay in making the motion from September or October, 1946, the last dates upon which medical treatment was alleged to have been received, until April, 1947; and that under all the circumstances the application was not timely. Lewis, P. J., Carswell, Johnston, Nolan and Sneed, JJ., concur.